IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRAVIS LAMONT FOOTE,** | \* | |
| Petitioner | \* | |
| | | CRIM. NO. JKB-14-015 |
| v. | \* | (RELATED CIVIL NO. JKB-15-3168) |
| **UNITED STATES OF AMERICA,** | \* | |
| Respondent | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM

Pending before the Court is a *pro se* motion by Travis Lamont Foote ("Petitioner") to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 69.) Following the Court's Order of October 22, 2015 (ECF No. 74), the Government filed a response in opposition to Petitioner's motion (ECF No. 81). The Court has carefully reviewed Petitioner's motion and the Government's response, and it has determined that no hearing is necessary. *See* 28 U.S.C. § 2255(b); Local Rule 105.6 (D. Md. 2014).[1] For the reasons explained below, Petitioner's motion will be DENIED.[2]

*I. Procedural Posture*

On January 9, 2014, the Grand Jury for the District of Maryland returned an Indictment against Petitioner, charging him with six counts relating to commercial sex trafficking. (ECF No. 1.) On September 30, 2014, pursuant to a plea agreement, Petitioner pleaded guilty to a single count of conspiracy to commit sex trafficking by force, fraud, and coercion in violation of 18

---

[1] Where "parties produce evidence disputing *material facts* with respect to *non-frivolous* habeas allegations," the court must hold an evidentiary hearing to resolve those disputes. *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) (emphases added). Conversely, no hearing need be held if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this case, as discussed *infra*, Petitioner's motion is time-barred, and his arguments are meritless. Consequently, no hearing is necessary.

[2] Because the Court denies Petitioner's motion to vacate, it likewise denies Petitioner's related motions for discovery, for leave to amend, and for an evidentiary hearing. (ECF Nos. 71–73.)

U.S.C. § 1594(c).  (ECF No. 38.)  That same day, at the request of both parties, the Court sentenced Petitioner to a prison term of 144 months.  (ECF No. 41.)  Petitioner did not file a notice of appeal with the United States Court of Appeals for the Fourth Circuit.

On October 19, 2015, Petitioner filed the pending motion under 28 U.S.C. § 2255, a statute authorizing the sentencing court to vacate, set aside, or correct a sentence that "was imposed in violation of the Constitution or laws of the United States" or that "is otherwise subject to collateral attack."  According to Petitioner, at some point subsequent to his guilty plea, he discovered inconsistencies between the Grand Jury testimony of one of his victims (Jane Doe 1) and Jane Doe 1's prior statements in certain Facebook messages.  (ECF No. 69 at 7.)  Petitioner contends that his attorney "was ineffective and failed to explore all avenues of [his] case," ostensibly because the attorney failed to investigate these purported inconsistencies.  (*Id.* at 7, 11.)  Petitioner avers that, had he "been made aware of the information he is now in possession of[,] he would not have pleaded guilty but would have proceeded to trial."  (*Id.* at 7.)[3]

Petitioner's theory fails:  it is time-barred, and it is meritless.

## II. Analysis

### A. *One-Year Limitations Period*

Section 2255(f), Title 28, United States Code, provides that motions to vacate are governed by a one-year limitations period.  This period generally runs from "the date on which the judgment of conviction becomes final."  § 2255(f)(1).  The Fourth Circuit has held that, where a defendant does not appeal his conviction, the judgment is treated as having become final as of the date it was entered.  *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).

---

[3] At certain points in Petitioner's brief, he suggests that his guilty plea was not knowing and voluntary.  To the extent that this argument can be separated from Petitioner's *Strickland* claim, *see infra*, the Court notes that the argument is disproved by the plea colloquy record, which shows that Petitioner thoroughly understood the elements of the offense of conviction and the ramifications of pleading guilty to that offense.  (ECF No. 81–3.)

Applying *Sanders* to the facts of this case, the judgment against Petitioner became final on September 30, 2014, and so he should have filed his motion to vacate on or before September 30, 2015. Instead, he filed it on October 19, 2015—nineteen days out of time.[4]

Because the limitations provision of section 2255 does not "speak in jurisdictional terms or refer in any way to the jurisdiction of district courts," the Fourth Circuit has held that the one-year period is subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 329 (4th Cir. 2000)). Equitable tolling, however, is an extraordinary remedy that is sparingly granted: a petitioner is entitled to such relief only if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner here has neither proffered an explanation for the tardiness of his motion nor identified extraordinary circumstances that interfered with his ability to comply with section 2255(f)(1). Accordingly, his motion must be denied as untimely.

### B. *Ineffective Assistance of Counsel*

Even had Petitioner timely filed his motion to vacate, the Court would still deny the motion because Petitioner's ineffective-assistance claim is meritless. To prevail on such a claim,

---

[4] The Court is aware that the case on which the reasoning of *Sanders* apparently rested, *United States v. Torres*, 211 F.3d 836 (4th Cir. 2000), was abrogated by *Clay v. United States*, 537 U.S. 522 (2003). The *Clay* Court held that the one-year limitations period begins running for defendants who take an unsuccessful direct appeal but who do not thereafter petition for a writ of certiorari from the United States Supreme Court only after the time for filing such a petition expires. *Clay*, 537 U.S. at 532. Although *Clay* did not specifically address the scenario in which a defendant fails to take a direct appeal, lower courts outside this Circuit have extended *Clay* to that scenario, treating the judgment as final only after the time to appeal has elapsed. *E.g.*, *United States v. Arriaga-Cabrera*, No. 13 C 5585, 2014 WL 114284, at *2 (N.D. Ill. Jan. 10, 2014). That said, *Sanders* has never been explicitly overruled, and courts in this Circuit have continued to apply it. *E.g.*, *Connor v. United States*, Crim. No. DKC 01-0513, 2011 WL 1322402, at *2 (D. Md. Apr. 1, 2011), *appeal dismissed*, 448 F. App'x 333 (4th Cir. 2011) (per curiam).

In this case, even were *Sanders* deemed not to control, Petitioner's motion would still be time-barred. Pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, Petitioner had fourteen days from the entry of judgment to file a notice of appeal. Having failed to do so, his judgment would have become "final" under this alternate approach on October 14, 2014. Consequently, his motion to vacate, filed on October 19, 2015, was at least five days out of time.

Petitioner must show both that (1) his counsel's performance "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). Moreover, because Petitioner's claim relates to a proceeding brought under Rule 11 of the Federal Rules of Criminal Procedure, Petitioner must specifically show that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Lafler v Cooper*, 132 S. Ct. 1376, 1384-85 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Petitioner can satisfy neither prong of the *Strickland* analysis. First, he has not demonstrated that his attorney made an error. Rather, his primary theory[5]—*i.e.*, that his attorney failed to uncover and investigate the apparent inconsistency between Jane Doe 1's testimony and her Facebook messages—is undercut by an exhibit to the Government's opposition brief showing that defense counsel received this evidence nearly *eight months* before Petitioner entered his guilty plea.[6] Second, even supposing purely *arguendo* that counsel overlooked or somehow misjudged the significance of the Facebook transcript, Petitioner has not shown—and cannot show—that he was prejudiced thereby. The crux of Petitioner's argument is that Jane Doe 1's Facebook messages show she *voluntarily* agreed to enter the sex trade; accordingly,

---

[5] Petitioner also accuses his attorney of (1) failing to timely request certain subpoenas and (2) failing to file a motion to suppress evidence seized at the time of Petitioner's arrest. (ECF No. 69 at 34-41.) As for the subpoenas, Petitioner offers nothing more than his naked speculation that they might have led to the discovery of exculpatory evidence. As for suppression, Petitioner's accusation is baffling: defense counsel filed just such a motion (ECF No. 19), which became moot upon entry of Petitioner's guilty plea.

[6] In its brief, the Government notes that the statement of facts appearing in the plea agreement was the "result of painstaking effort and revised by the parties several times, mainly in an effort to address the issues now raised by [Petitioner] regarding Jane Doe 1 and the Grand Jury transcript and Facebook messages." (ECF No. 81 at 7.)

Petitioner contends that he could not have been convicted of the offenses charged in the Indictment. But that contention is absurd. Two of the charged offenses[7] require no proof of coercion whatsoever, while a third offense[8] merely requires proof that the defendant persuaded, induced, enticed, *or* coerced an individual to travel across state lines for unlawful sexual activity. And while Count Five—the offense to which Petitioner pleaded guilty[9]—does require proof that the defendant conspired to engage in trafficking by force, fraud, or coercion, Count Five does not even mention Jane Doe 1 as a victim.[10] Thus, Petitioner's "discovery" of Jane Doe 1's Facebook messages is wholly irrelevant to the offense of conviction—a conviction well-supported by the statement of facts outlined in the plea agreement and ratified by Petitioner at his Rule 11 hearing. (ECF Nos. 81–1 at 8-10 & 81–3 at 21.) *Cf. United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity." (alterations in original) (quoting *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004))).[11] Because Petitioner has not articulated a plausible *Strickland* claim, he is entitled to no further evidentiary review.

---

[7] *See* 18 U.S.C. §§ 1952(a), 2421.

[8] *See* 18 U.S.C. § 2422(a).

[9] *See* 18 U.S.C. § 1594(c).

[10] Petitioner references additional documentation purporting to show that he did not conspire to traffic the other victims (Jane Does 2–4), but he does not allege that his attorney overlooked or mishandled these documents; in fact, two of the three documents he cites were produced by the Office of the Federal Public Defender. (ECF No. 69 at 20-23.) Rather than bolstering his *Strickland* claim, Petitioner apparently wishes to try his case on the merits—but he waived that right when he entered his guilty plea.

[11] *See also Hellams v. United States*, Crim. No. RWT-10-0303, 2015 WL 4910873, at *3 (D. Md. Aug. 14, 2015) ("Generally, when the record demonstrates that a petitioner before the Court on a § 2255 petition previously stated he was satisfied with his counsel's representation, for instance during a Rule 11 hearing . . . Petitioner faces a high burden in seeking to vacate his sentence."). Before entering his guilty plea, Petitioner affirmed that he had "fully discussed the charges in the indictment . . . with [his] lawyer"; that he was "fully satisfied with the legal representation that [he had] received"; and that he believed his lawyer had given him "good advice" and served as a "zealous and effective legal advocate" on his behalf. (ECF No. 81–3 at 5-6.) Petitioner's sworn confidence in his attorney's services further discredits his contention that he was deprived of effective assistance of counsel.

    For that matter, as the Government notes, the offense of conviction carries a maximum penalty of life in prison, while two of the dismissed counts—Count Four and Count Six—carry mandatory minimum sentences of fifteen years each. (ECF No. 81 at 6.) It appears, then, that the 144-month sentence that the Government recommended (pursuant to the plea deal) and that the Court imposed was a favorable outcome for Petitioner.

### III. Certificate of Appealability

Petitioner may not appeal the Court's denial of his section 2255 motion unless he first secures a certificate of appealability. "A certificate of appealability will not issue absent 'a substantial showing of the denial of a constitutional right.'" *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007) (per curiam) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *Id.* In this case, no reasonable jurist could find merit in Petitioner's *Strickland* claim; moreover, the claim is indisputably time-barred. Consequently, no certificate of appealability shall issue from this Court.

### IV. Conclusion

For the foregoing reasons, an Order shall enter DENYING Petitioner's motion to vacate (ECF No. 69) and further DENYING AS MOOT his related open motions (ECF Nos. 71–73).

DATED this 24th day of December, 2015.

BY THE COURT:

/s/
James K. Bredar
United States District Judge