**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6305

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRAVIS LAMONT FOOTE, a/k/a Cash,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:14-cr-00015-JKB-1; 1:15-cv-03168-JKB)

Submitted: August 31, 2016        Decided: December 2, 2016

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Travis Lamont Foote, Appellant Pro Se. Judson T. Mihok, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Lamont Foote seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Parties to a civil action in which the United States or its officer or agency is a party are accorded 60 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(B). However, the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after the expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5); see Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's final judgment was entered on the docket on December 24, 2015. Foote's notice of appeal was filed on February 24, 2016,* after the expiration of the 60-day appeal period but within the excusable neglect period. During the excusable neglect period and concurrently with the filing of his notice of appeal in the district court, Foote separately filed in this court a motion for extension of time to file a motion

---

* See Houston v. Lack, 487 U.S. 266 (1988).

for a certificate of appealability ("motion for extension"). The motion for extension contains language that we liberally construe as a Fed. R. App. P. 4(a)(5) motion for an extension of time to file an appeal. Accordingly, we remand this case to the district court for the limited purpose of determining whether Foote has demonstrated excusable neglect or good cause warranting an extension of the 60-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>