IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIMINAL NO. JKB-14-0015 |
| | *   CIVIL NO. JKB-15-3168 |
| TRAVIS LAMONT FOOTE, | * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter is before the Court to resolve a motion for extension of time to file a notice of appeal from this Court's denial of Defendant Travis Lamont Foote's motion to vacate pursuant to 28 U.S.C. § 2255. (*See* ECF Nos. 91, 92, & 93.) The Government has not opposed the motion for extension of time. In his motion, Foote says he dropped his motion and notice of appeal in his prison unit mail box on Thursday, February 19, 2016.[1] (ECF No. 94, 95 at p. 2.[2]) That date was within the 60-day period of appeal by right, which expired February 22, 2016. However, the United States Court of Appeals for the Fourth Circuit upon prior review determined that Foote's notice of appeal was deemed filed on February 24, 2016, based upon the prison mail stamp on the envelope in which Foote mailed his notice of appeal. (Op./Order, ECF No. 91.) The Court concludes that the discrepancy between the date when Foote put his notice of appeal in his unit

---

[1] Foote's reference to "February 19th of 2015" is obviously in error.

[2] The Court cites the page number assigned by the ECF system since the pages of Foote's motion are otherwise unnumbered.

mail box and the date when the prison authorities stamped it as outgoing mail constitutes good cause, thus meriting a grant of Foote's motion for extension of time to file his notice of appeal.[3]

Accordingly, IT IS HEREBY ORDERED that Foote's motion for extension of time in which to file his notice of appeal (ECF No. 93) IS GRANTED, that the Clerk SHALL MAIL a copy of this order to Foote, and that the Clerk SHALL ENSURE a copy of this order is transmitted to the Fourth Circuit.

DATED this 21 day of December, 2016.

BY THE COURT:

_____
James K. Bredar
United States District Judge

---

[3] If this matter were before the Court on the original § 2255 motion, the Court would still feel compelled to conclude Foote's motion to vacate his September 30, 2014, conviction was time-barred based upon the binding precedent of *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). (*See* Mem. Op., Dec. 24, 2015, at 2.) However, the Court now recognizes that, if *Sanders* were no longer precedential such that the fourteen-day appeal period extended the date from which the one-year filing deadline was computed, then Foote's motion would be considered timely because he gave it to prison authorities on October 13, 2015, and it should be considered filed on that date, *see Houston v. Lack*, 487 U.S. 266 (1988), rather than the date of October 19, 2015, when it was received in this Court for docketing, contrary to the Court's earlier conclusion. (*See id.* at 3 n.2.) Nevertheless, the Court would still deny the motion on its merits, as explained in the Court's memorandum opinion. (*See id.* at 3-5.)